IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARYTON ALACRON VELASQUEZ | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:26-cv-02377-X (BT) |
| | § | |
| WARDEN OF PRAIRIELAND | § | |
| DETENTION CENTER, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

In July 2026, Petitioner Aryton Alacron Velasquez filed a pro se habeas petition under 28 U.S.C. § 2241 challenging his immigration detention. Pet. (ECF No. 3). But Petitioner did not pay the $5.00 filing fee or move for leave to proceed *in forma pauperis* (IFP). So, the Court issued an order and notice of deficiency (NOD) directing Petitioner to pay the filing fee or apply to proceed IFP by August 19, 2026. *See* NOD (ECF No. 5). The Court warned Petitioner that his failure to comply with the NOD could result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

To date, however, Petitioner has neither complied with the NOD nor otherwise communicated with the Court. Instead, mail sent to Petitioner has been returned as undeliverable because he is no longer at the Prairieland Detention Center. *See* ECF Nos. 6, 7.

## Legal Standards and Analysis

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action sua sponte for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). A party's pro se status does not exempt him from complying with applicable procedural and substantive rules. *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

Here, the Court ordered Petitioner to either pay the filing fee or obtain leave to proceed IFP. Petitioner did neither. His failure to comply with the Court's order prevents this case from proceeding and warrants dismissal without prejudice under Rule 41(b). *See* 28 U.S.C. § 1914 ("The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5.").

Petitioner's failure to provide the Court with a current address also supports dismissal under Rule 41(b). Mail sent to Petitioner has been returned as undeliverable, and Petitioner has not provided the Court with an updated address

or otherwise communicated with the Court. Because the Court cannot effectively communicate with Petitioner at his current address, the case cannot proceed. *See Valentinis-Dee v. Real Estate Value*, 2024 WL 1472785, at *1 (E.D. Tex. Mar. 11, 2024) ("To date, Plaintiff has not advised the court of a proper address at which Plaintiff can be contacted. Plaintiff's failure to provide the court with a current address warrants dismissal of his case under Rule 41(b).") (citing *Love v. F.B.I.*, 2002 WL 2030828, at *1 (N.D. Tex. Sept. 3, 2002) (Lynn, J.) (further citation omitted), *rec. accepted* 2024 WL 1469326 (E.D. Tex. Apr. 3, 2024).

**Recommendation**

The District Judge should dismiss Petitioner Aryton Alacron Velasquez's case without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with the Court's orders.

**SO RECOMMENDED.**

September 10, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See* *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).